UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY BROWN, | ) | 1:16CV0838 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE PATRICIA GAUGHAN |
| v. | ) | (Mag. Judge David A. Ruiz) |
| | ) | |
| MARGARET BRADSHAW, | ) | |
| Warden, | ) | |
| | ) | |
| | ) | |
| Respondent | ) | REPORT AND |
| | ) | <u>RECOMMENDATION</u> |

RUIZ, MAG. JUDGE

Petitioner, Jeffrey Brown ("Brown" or "petitioner"), has filed a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Brown's petition is before the undersigned magistrate judge pursuant to Local Rule 72.2(b)(2). In addition, Petitioner has filed a motion for partial summary judgment (R. 11), which is opposed by the respondent, Margaret Bradshaw, the Warden of the Richland Correctional Institution in Mansfield, Ohio. (R. 12.) For the following reasons, the magistrate judge recommends that the petitioner's motion for partial summary judgment be denied.

Brown's petition for a writ of habeas corpus arises out of his 2014 conviction on two counts of drug trafficking, in the Cuyahoga County (Ohio) Court of Common Pleas. (R. 1, petition, PageID #: 3.) The petitioner is in the custody of the Ohio

Department of Rehabilitation and Correction pursuant to journal entry of sentence in the cases of *State of Ohio v. Brown*, Case No. CR-13-580090-A and CR-13-580403-A (Cuyahoga County Apr. 28, 2014).  (R. 7, RX 5-6, PageID #: 100, 102.)  In his petition, Brown raises five grounds for relief:

> 1.  The petitioner is being held in violation of the Due Process Clause under the Fourteenth Amendment to the United States Constitution as a result of the trial court failing to inform petitioner of the maximum sentence (mandatory fine) prior to accepting petitioner's guilty plea rendering petitioner's plea(s) unknowingly [sic] and involuntary.
>
> 2.  The petitioner is being held in violation of the Due Process Clause under the Fourteenth Amendment to the United States Constitution as a result of the trial court  failing to inform petitioner of the maximum sentence (mandatory prison sentence) prior to accepting petitioner's guilty plea rendering petitioner's plea(s) unknowingly [sic] and involuntary.
>
> 3.  The petitioner is being held in violation of the Due Process Clause under the Fourteenth Amendment to the United States Constitution as a result of the trial court  failing to inform petitioner of the maximum sentence (driver's license suspension) prior to accepting petitioner's guilty plea rendering petitioner's plea(s) unknowingly [sic] and involuntary.
>
> 4.  The petitioner is being held in violation of the Due Process Clause under the Fourteenth Amendment to the United States Constitution as a result of the trial court  failing to inform petitioner of the maximum sentence (forfeiture of $136.00, ammunition and a safe) prior to accepting petitioner's guilty plea rendering petitioner's plea invalid.
>
> 5. The petitioner is being held in violation of the Due Process Clause under the Fourteenth Amendment to the United States Constitution as a result of the trial court violating petitioner's right to be present at sentencing when the sentence pronounced in open court was subsequently modified in petitioner's absence.

(R. 1, PageID #: 7, 15, 20-21, 27, 31.)

Respondent has filed an Answer/Return of Writ. (R. 7.) The petitioner has filed a Traverse, and the motion for partial summary judgment. (R. 10, 11.) The respondent has filed an opposition to the motion. (R. 12.)

Brown has moved for partial summary judgment under Civil Rule 56, arguing that no genuine issue of fact exists as to the first three grounds of his petition. (R. 11, PageID #: 595-596.) His motion, however, is based on the flawed premise that the respondent has waived the defenses and arguments to the first three grounds of his petition, by failing to re-assert them in response to Brown's Traverse. (R. 11, PageID #: 595, 597.)

Although the court's Order (R. 3) provided that the respondent may file a response to the petitioner's reply brief (Traverse), the respondent is not required to do so by the Habeas Rules. The Rules provide that the respondent's Answer/Return of Writ "must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations." Rule 5(b), Rules Governing Section 2254 Cases. The respondent asserts that the Answer/Return of Writ (R. 7) complies with Rule 5, and provides the respondent's theory for a ruling by the court on the petition. (R. 12, PageID #: 611.) Respondent's Answer/Return of Writ preserved respondent's legal arguments and respondent has not waived any such arguments by refraining from filing a reply brief to Brown's Traverse.

Further, Brown is incarcerated for a 2014 state court conviction, which this court must presume valid until otherwise shown. As the Sixth Circuit has noted, in addition to a prisoner's constitutional rights, "the public has a right of protection

against the release of convicted criminals except where violations of constitutional rights have been established." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *see also Mahaday v. Cason*, 222 F.Supp.2d 918, 922 (E.D. Mich. 2002), *aff'd*, No. 05-1785, 2007 WL 1310158 (6th Cir. 2007), *cert. denied*, 552 U.S. 1198 (2008) (citing cases).

The burden to show that he is in custody in violation of the Constitution is on the petitioner. *Allen*, 424 F.2d at 138. Petitioner's motion for partial summary judgment, however, is tantamount to a motion for default judgment. The Sixth Circuit has held that default judgments are not available in habeas corpus proceedings. *Allen*, 424 F.2d at 138; *Mahaday*, 222 F.Supp.2d at 921-922 (citing cases); *see also Ruiz v. Cady*, 660 F.2d 337, 340 (7th Cir. 1981) (reversing grant of petition; default judgment without full inquiry into merits especially rare); *Alder v. Burt*, 240 F. Supp. 2d 651, 677 (E.D. Mich. 2003) (denying motion for summary judgment as tantamount to default judgment).

The court further notes that habeas relief is not granted simply because a prisoner files a petition for a writ of habeas corpus. Rather, the court considers the petition, the Answer/Return of Writ and the Traverse filed by the parties, and any additional pertinent filings, before making a recommendation on the relief sought. 28 U.S.C. § 2254(d). The parties have filed their briefs. The merits of the parties' arguments, as presented in the Answer and Traverse, will be considered in due course.

The undersigned, however, recommends that the petitioner's motion for partial summary judgment (R. 11) be denied.

Dated:   February 22, 2017             /s/ David A. Ruiz
                                                                David A. Ruiz
                                                                United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).