UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JEFFREY BROWN, | ) Case No. 1:16CV0838 |
| | ) |
| Petitioner | ) |
| | ) JUDGE PATRICIA GAUGHAN |
| v. | ) MAGISTRATE JUDGE DAVID A. RUIZ |
| | ) |
| MARGARET BRADSHAW, | ) |
| Warden, | ) |
| | ) |
| Respondent. | ) REPORT AND |
| | ) <u>RECOMMENDATION</u> |

Before the court is the petition of Jeffrey Brown ("Brown") for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The petition is before the magistrate judge pursuant to Local Rule 72.2(b)(2). The petitioner is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the cases of *State of Ohio v. Brown*, Case No. CR-13-580090-A and CR-13-580403-A (Cuyahoga County Apr. 28, 2014). (R. 7, RX 5-6, PageID #: 100, 102.)

Brown's petition arises out of his 2014 conviction on two counts of drug trafficking, in the Cuyahoga County (Ohio) Court of Common Pleas. (R. 1, petition, PageID #: 3.) In his petition, Brown raises five grounds for relief:

> 1. The petitioner is being held in violation of the Due Process Clause under the Fourteenth Amendment to the United States Constitution as a result of the trial court failing to inform petitioner of the maximum sentence (mandatory fine) prior to accepting petitioner's

guilty plea rendering petitioner's plea(s) unknowingly [sic] and involuntary.

2. The petitioner is being held in violation of the Due Process Clause under the Fourteenth Amendment to the United States Constitution as a result of the trial court failing to inform petitioner of the maximum sentence (mandatory prison sentence) prior to accepting petitioner's guilty plea rendering petitioner's plea(s) unknowingly [sic] and involuntary.

3. The petitioner is being held in violation of the Due Process Clause under the Fourteenth Amendment to the United States Constitution as a result of the trial court failing to inform petitioner of the maximum sentence (driver's license suspension) prior to accepting petitioner's guilty plea rendering petitioner's plea(s) unknowingly [sic] and involuntary.

4. The petitioner is being held in violation of the Due Process Clause under the Fourteenth Amendment to the United States Constitution as a result of the trial court failing to inform petitioner of the maximum sentence (forfeiture of $136.00, ammunition and a safe) prior to accepting petitioner's guilty plea rendering petitioner's plea invalid.

5. The petitioner is being held in violation of the Due Process Clause under the Fourteenth Amendment to the United States Constitution as a result of the trial court violating petitioner's right to be present at sentencing when the sentence pronounced in open court was subsequently modified in petitioner's absence.

(R. 1, PageID #: 7, 15, 20-21, 27, 31.)

Respondent has filed an Answer/Return of Writ (R. 7), and the petitioner has filed a Traverse. (R. 10.) For the following reasons, the magistrate judge recommends that the petition be dismissed.

I. FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals provided the following factual and procedural background:

> In December 2013, Brown was indicted in two separate cases. Cuyahoga C.P. Case No. CR-13-580090-A was a seven-count indictment, charging him with four counts of drug trafficking, and one count each of drug possession, possessing criminal tools, and having weapons while under disability. One of the trafficking counts (Count 4) contained one-year firearm, juvenile, and schoolyard specifications, as well as four forfeiture specifications (two gun, one money, and one safe). The drug possession count (Count 5) also contained a one-year firearm specification, as well as four forfeiture specifications (two gun, one money, and one safe). The possessing criminal tools count contained four forfeiture specifications (two gun, one money, and one safe).
>
> Case No. CR-13-580403-A was a three-count indictment, charging Brown with two counts of drug trafficking and one count of drug possession.
>
> After numerous pretrials and negotiations on both cases, Brown and the state reached a plea agreement. The agreement was that under Case No. CR-580090, Brown would plead to an amended Count 4, a third-degree felony, with the amendment being the deletion of the firearm, juvenile, and schoolyard specifications. Under Case No. CR-580403, Brown would plead to Count 2, a felony of the second degree.
>
> On April 28, 2014, immediately prior to the plea hearing, defense counsel requested a two-week continuance, stating that Brown needed more time "because of the circumstances." The trial court denied the request. The state indicated that it was seeking concurrent time on the cases, and the trial court stated that it was considering "between four and five years collective on the cases."
>
> The trial court advised Brown of the rights a plea would waive, as well as the possible sentence and period of postrelease control; it did not advise him that Count 2 under Case No. CR-580403 carried a mandatory $7,500 fine. After being satisfied that Brown was knowingly, intelligently, and voluntarily waiving his rights, the court

3

entered the plea and the remaining counts of the indictments were dismissed.

The trial court indicated that it would immediately proceed to sentencing. Defense counsel again requested a continuance so that Brown "could get his affairs in order." The trial court denied the request, stating that Brown had had plenty of time to do so.

The assistant prosecuting attorney asked the court if it had reminded Brown of his driver's license suspension. The court previously had not and then informed Brown that his license would be suspended for six months. The court sentenced Brown to five years on the second-degree felony and six months on the third-degree felony, to be served concurrently.

The following day, April 29, 2014, another hearing was held because it was brought to the trial court's attention that it had failed to impose the mandatory $7,500 fine. Defense counsel stated that in "view of that deficiency, [Brown] should be allowed to withdraw his plea and continue this for a little bit * * *." The trial court stated that it was not going to continue the case because "[t]here's nothing he didn't understand," but defense counsel insisted "[w]ell, that's part of the sentence that was not explained."

The court then asked whether Brown wanted to withdraw his plea; defense counsel responded, "[y]eah, I think he should." The court stated that if Brown withdrew his plea, it would not entertain another plea. Defense counsel was confused as to why not. The trial court again stated that it was its belief that Brown "understood the implication" of the plea, but nonetheless told counsel to file a motion if he desired and the court would have a full hearing on it.

The next day, April 30, 2014, the court reconvened on the matter, at which time the state informed the court that it would be "waiving the fine * * * so we don't have an issue." The court responded, "[v]ery good. Original sentence will be imposed." Defense counsel objected, however, stating that he believed he was being "victimized in this courtroom by the prosecutor and the Court." The court then agreed to have a hearing on Brown's request to withdraw his plea. But defense counsel stated that he was not ready and, instead, asked the court to recuse itself.

The court told the defense that the stated ground made the day before for withdrawal of the plea was the failure to inform Brown of the

4

mandatory fine.  The court indicated that "[w]hen the State of Ohio said we will waive that, I assumed that would correct any defects because you didn't raise any other basis to withdraw the [plea]." Defense counsel responded that there were other issues, namely, (1) "we would not get extra time on the case"; and (2) that Brown "was not allowed to see the video." The court inquired why Brown had pled if he had not seen the video, to which defense counsel responded that he "didn't know why," and he had had "bad representation." The court ordered defense counsel to get the motion to withdraw the plea, which counsel stated he had prepared, but did not have with him.

Another hearing was held later that same day, April 30, 2014.  The court asked defense counsel to present his argument for his motion to withdraw the plea.  Counsel stated that the motion spoke for itself and he did not have anything to add because he "thought this case was over Monday." The stated ground in the motion was the failure to explain the mandatory fine.

But defense counsel still insisted that Brown's plea was invalid because "he wasn't informed of the full penalty," and it did not matter that the state waived the fine because "they waived it after the fact." The court denied the motion to withdraw the plea and stated that the original sentence, without the fine, was in effect.

(R. 7, RX 15, PageID #: 168-172; *State v. Brown*, No. 101427, 2014 WL 7458717, at

\*1-\*2 (Ohio Ct. App. Dec. 31, 2014).)

### A.  Direct Appeal

On direct appeal, Brown raised five assignments of error:

1.  Defendant was denied due process of law when the court did not inform defendant of the mandatory penalties in violation of his constitutional rights.

2. Defendant was denied due process of law when the court refused to allow defendant to withdraw his plea.

3.  Defendant was denied due process of law when the court did not fully and properly advise defendant concerning post-release control.

5

> 4. Defendant was denied due process of law when the court's oral pronouncement of sentence varied significantly from its judgment entry of sentence.
>
> 5. Defendant was denied due process of law when the court added additional items of forfeiture other than those identified at the time of the plea.

(R. 7, RX 13, PageID #: 119.) On December 31, 2014, the court of appeals affirmed the judgment of the trial court. (R. 7, RX 15; *Brown*, 2014 WL 7458717.) Brown filed a motion for reconsideration on January 12, 2015, which the court of appeals denied on January 30, 2015. (R. 7, RX 16, 18.)

Brown then appealed to the Supreme Court of Ohio, raising the following four propositions of error:

> 1. A defendant has been denied due process of law when the court fails to advise a defendant, in entering a plea of guilty, [of] the mandatory penalties.
>
> 2. A defendant has been denied due process of law when the court prevents substantial evidence of a manifest injustice in filing a motion to withdraw his plea of guilty.
>
> 3. A defendant has been denied due process of law when the court does not fully and properly advise a defendant concerning post-release control.
>
> 4. A defendant has been denied due process of law when the court's oral pronouncement of sentence varies significantly from the written judgment entry of sentence.

(R. 7, RX 20, PageID #: 201.) On July 22, 2015, the Supreme Court of Ohio declined jurisdiction of his appeal. (R. 7, RX 21; *State v. Brown*, 143 Ohio St.3d 1419, 34 N.E.3d 931 (2015).)

B.  May 2016 Motions

On May 5, 2016, Brown filed two motions *pro se*, a motion to withdraw his guilty plea (R. 7, RX 27), and a motion for resentencing (R. 7, RX 28).  In his motion to withdraw his plea, Brown asserted the following claims:

> 1.  Trial counsel Mancino was ineffective by giving the defendant Brown erroneous advice that he would be eligible to file for judicial release after serving the 2 year mandatory minimum sentence which induced his plea.
>
> 2.  Trial counsel Mancino's advice to plead guilty to Case No. 580090, Count 4 was deficient and ineffective whereas counsel failed to investigate the case before giving the advice.
>
> 3.  Defendant Brown is entitled to withdraw his plea in Case No. 580090 in light of him being actually innocent of the charges and of Count 4, and his lawyer's ineffectiveness coupled with the state's willful Crim. Rule 16 discovery violation.
>
> 4.  The prosecutor's office/state committed a willful Crim. Rule 16 violation which resulted in the plea being involuntary permitting withdrawal.
>
> 5.  Defendant Brown is entitled to withdraw his plea of guilty in light of the court costs.

(R. 7, RX 27, PageID #: 244, 248, 253, 255, 258.)  The motion for resentencing was based on an argument that the mandatory fine was not properly waived under state statute. (R. 7, RX 28, PageID #: 310.)

The trial court denied both motions on May 16, 2016. (R. 7, RX 30.)  Brown appealed this decision to the state court of appeals, in two separate appeals.  (R. 7, RX 31, 32.)  At the time that respondent filed the Return of Writ, the appeals were still pending.

7

1. Appeal in 580090 Case

Since that time, the state court of appeals dismissed Brown's appeal in the 580090 case as moot. On May 18, 2017, the appellate court ruled as follows:

> All of appellant's assigned errors are rendered moot by events that occurred in the trial court following the filing of the instant appeal.
>
> A. Mootness
> The trial court initially denied appellant's motion to withdraw his guilty plea in this case on May 16, 2016. After it came to light that police officers may have committed acts of misconduct during the investigation of appellant's case, the state moved to vacate the conviction and appellant moved to withdraw his plea a second time. The trial court held a hearing on the motions and granted them. On December 29, 2016, the trial court vacated appellant's guilty plea, vacated the conviction, and dismissed the charges with prejudice. However, this occurred while an appeal was pending.
>
> This court remanded the matter to the trial court on February 15, 2017, to give the trial court jurisdiction to rule on those motions. *See State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97, 378 N.E.2d 162 (1978). Appellant also filed an appeal from the trial court's December 29, 2016 order granting the motions. On April 13, 2017, this court then extended the earlier remand and remanded the newly filed appeal so there would be no jurisdictional impediment barring the trial court from ruling on the motions. On April 16, 2017, the trial court issued an entry again granting appellant's and the state's motions, and dismissed the charges with prejudice. This later action renders the present appeal moot.
>
> An appeal becomes moot when "the subject matter of the litigation or dispute is somehow finally resolved, thereby precluding further action by a court." *Wheeling Corp. v. Columbus*, 147 Ohio App.3d 460, 2001–Ohio–8751, 771 N.E.2d 263, ¶ 175 (10th Dist.) (Tyack, J., dissenting). Here, appellant raised issues surrounding the trial court's denial of a motion to withdraw his guilty plea. The subsequent granting of a similar motion made by appellant renders the issues raised in the present appeal moot.

8

> Appellant has filed various motions arguing that the trial court erred when it granted his motion without withdrawing his guilty pleas in another case that he alleges was part of a package plea agreement with the present case. However, those arguments are unrelated to the present appeal. Appellant has already filed an appeal from the grant of the subsequent motion to withdraw where those issues can properly be addressed. There is no justiciable controversy left in the present case, which relates solely to the denial of a motion to withdraw appellant's guilty plea.
>
> III. Conclusion
>
> The trial court granted a subsequent motion to withdraw appellant's guilty plea in this case following a limited remand by this court. The granting of appellant's motion to withdraw his guilty plea renders moot the issues he currently raises in his appellate brief about the denial of his motion to withdraw his guilty plea. Therefore, no justiciable controversy exists in the present appeal, and the appeal is dismissed.

*State v. Brown*, No. 104573, 2017 WL 2241653, at *1-*2 (Ohio Ct. App. May 18, 2017). Because the trial court allowed Brown to withdraw his guilty plea in the 580090 case, vacated the conviction and sentence, and dismissed the case with prejudice, it would appear that Brown is no longer in state custody for the 580090 case. Thus, any grounds of the habeas petition based solely on the 580090 case should be dismissed as moot.

2. Appeal in 580403 Case

Meanwhile, on May 11, 2017, the state court of appeals had affirmed Brown's conviction, and remanded for resentencing, in the 580403 case. In so doing, the court of appeals revisited its previous ruling concerning the mandatory fine (the

9

basis of the first ground of Brown's habeas petition), an issue which had appeared settled when respondent filed the Return of Writ.

In relevant part, the state court of appeals ruled:

In his remaining three assignments of error, Brown claims that his plea was not voluntarily, intelligently, and knowingly entered into based on various legal theories — but essentially, all of Brown's theories are based on the fact that because the trial court did not inform Brown of the mandatory fine in this case at the time of his plea, his plea was not valid.

A review of the record, however, establishes that Brown did not raise this issue (of the mandatory fine) in his motion to withdraw his plea that is presently before us. Thus, we need not address these three assignments of error. It is axiomatic that issues cannot be raised for the first time on appeal. *State v. Lehman*, 2d Dist. Champaign No. 2014-CA-17, 2015-Ohio-1979, ¶ 14 ("It is well-established that issues raised for the first time on appeal are not properly before this court and will not be addressed."). Brown's third, fourth, and fifth assignments of error are therefore without merit and overruled.

Nonetheless, we do note that Brown did raise this exact issue in his direct appeal based on his first motion to withdraw his plea, which he filed immediately after he was sentenced in April 2014. This court found no merit to his argument because:

> [t]he reason Brown initially offered for wanting to withdraw his plea was that he was not informed about the mandatory $7,500 fine. The state indicated it would waive the fine, however, and therefore there was no "manifest injustice" that occurred by him not being advised of it.

*Brown*, 8th Dist. Cuyahoga No. 101427, 2014-Ohio-5795, ¶ 20.

The state, however, has no power to waive the mandatory fine. And thus, in the interest of justice, we note that if Brown is not indigent, the trial court should give him the opportunity to move to withdraw his plea once again on the basis that receiving a $7,500 mandatory fine would amount to a manifest injustice under Crim.R. 32.1. This is because Brown pleaded guilty to drug trafficking without the trial

10

> court advising him that he would be subject to the $7,500 mandatory fine once he entered into the plea.
>
> The state argues that Brown is inviting the "possible" error in this case because he does not want to sign an affidavit of indigency. The state contends that Brown does not want to sign an affidavit of indigency because he wants to withdraw his plea, and thus, is inviting the "manifest injustice" that would occur. Even if the state is correct (which seems likely), the trial court does not have discretion in this matter with respect to the fine; if Brown does not file an affidavit of indigency, the trial court has to impose the fine. And there is no question that if Brown receives a $7,500 mandatory fine that he was not aware of before he pleaded guilty, that would amount to a manifest injustice under Crim.R. 32.1 such that he should be allowed to withdraw his plea. Accordingly, the state's arguments are premature at this juncture.
>
> Judgment is affirmed with respect to Brown's conviction. We reverse Brown's sentence and remand for resentencing for the sole purpose of the trial court's imposition of the mandatory fine. Brown, of course, can file an affidavit of indigency before that hearing, requesting the trial court to properly waive the fine.

*State v. Brown*, No. 104575, 2017 WL 1955285, at \*5-\*6 (Ohio Ct. App. May 11, 2017).

Subsequently, on July 13, 2017, as predicted above, Brown filed a motion to withdraw his guilty plea in the trial court, pursuant to Ohio Crim. Rule 32.1, on the basis that the mandatory fine would amount to a manifest injustice. *See State v. Brown*, No. CR-580403 (Ohio Comm. Pl. July 13, 2017) (motion to withdraw plea).

It is well-settled in the Sixth Circuit that the threshold issue of exhaustion of state remedies can be raised by the court sua sponte. Richards v. Money, No. 1:03CV1532, 2005 WL 1181856, at \*5 (N.D. Ohio May 18, 2005) (citing Clinkscale v. Carter, 375 F.3d 430, 436-437 (6th Cir. 2004); Harris v. Rees, 794 F.2d 1168, 1170

11

(6th Cir. 1986)); see also Alexander v. Eberlin, No. 1:06CV1664, 2007 WL 2902899, at *5 (N.D. Ohio Sept. 28, 2007) (same).

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)). To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)). It is clear that the first ground of the petition has not been exhausted.

The first ground of the petition is that Brown is being held in violation of the Due Process Clause as a result of the trial court failing to inform him of the mandatory fine prior to accepting his guilty plea rendering his plea unknowing and involuntary. (R. 1, PageID #: 7.) Here, the Ohio Court of Appeals' (implicit) reversal[1] of its earlier determination concerning the import of the trial court's

---

[1] *Compare* R. 7, RX 15, PageID #: 714; *Brown*, 2014 WL 7458717, at *3 (because state waived fine, no manifest injustice in not being advised of fine), *with Brown*, 2017 WL 1955285, at *5-*6 (remanding; state has no power to waive fine).

failure to advise on the mandatory fine, and its remand for resentencing, renders the first ground of Brown's habeas petition unexhausted. Brown is still litigating his guilty plea in the 580403 case in the state courts, as evidenced by his July 17, 2017 motion, and therefore the first habeas ground has not been exhausted.

A "mixed" petition contains both unexhausted and exhausted claims. Pliler v. Ford, 542 U.S. 225, 227 (2004). Brown's motion to withdraw his guilty pleas is still proceeding in the state courts, and is not exhausted. The second ground, on the other hand, has been exhausted. Where a district court is confronted with a mixed petition containing unexhausted claims, the Sixth Circuit has presented a choice of four options:

> (1) dismiss the mixed petition in its entirety, [Rhines v. Weber, 544 U.S. 269, 274 (2005)], 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, id. at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, id. at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2). See Rockwell v. Yukins, 217 F.3d 421, 425 (6th Cir. 2000).

Harris v. Lafler, 553 F.3d 1028, 1031-1032 (6th Cir. 2009); see also Wagner v. Smith, 581 F.3d 410, 419 (6th Cir. 2009).

District courts ordinarily dismiss a mixed petition. Burton v. Stewart, 549 U.S. 147, 153-154 (2007) (per curiam); Rose v. Lundy, 455 U.S. 509, 520-522 (1982); Bowling v. Haeberline, No. 03-5681, 2007 WL 2321302, at *2 (6th Cir. Aug. 14, 2007). The Supreme Court has cautioned that "stay and abeyance should be

13

available only in limited circumstances." Rhines v. Weber, 544 U.S. 269, 277 (2005). The "stay-and-abeyance" procedure is used in circumstances where:

> . . . a petitioner comes to federal court with a mixed petition toward the end of the limitations period, [and] a dismissal of his mixed petition could result in the loss of all of his claims – including those already exhausted – because the limitations period could expire during the time a petitioner returns to state court to exhaust his unexhausted claims.

Pliler, 542 U.S. at 230. Here, the limitations period would not expire while Brown pursues his remedies in state court, because the statute of limitations would not begin to run until judgment became final upon the conclusion of direct review of the new sentence received at resentencing. Rashad v. Lafler, 675 F.3d 564, 568 (6th Cir. 2012) (citing Burton, 549 U.S. 147) ("the new judgment becomes final after direct review of the new sentence"). Brown is in no danger of losing his claims due to a dismissal at this point.

It is recommended that the petition be dismissed, without prejudice.


s/ David A. Ruiz
David A. Ruiz
United States Magistrate Judge


Date: February 15, 2018

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).